DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss filed July 2, 2008. The court discussed the request with the parties during a case management conference held August 6, 2008. Terresa J. Skoch participated on her own behalf. Ken Collmer represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence and lot identified as Account R212467. Plaintiff's complaint was filed June 13, 2008, and seeks review of the property assessments for the four tax years 2005-06 through 2008-09. During the conference, Plaintiff withdrew her request for the 2008-09 tax year as it was premature to this court.
Plaintiff did not earlier appeal any of the remaining tax years to the Multnomah County Board of Property Tax Appeals (BOPTA). She stated she was not aware of the assessment magnitude until contacted by her mortgage holder on February 5, 2008.
As to the earliest 2005-06 valuation claim, Plaintiff asserts the property should be reduced from $266,670 real market value (RMV) to $160,000. Similar reductions are requested for the other years. The only justification provided for such relief was the 1995-96 maximum assessed value (MAV) and the physical condition of the residence.
Defendant claims the court should dismiss all years because Plaintiff failed to pursue her remedy with BOPTA. *Page 2 
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added). *Page 3 
For those tax years, 2005-06 through 2007-08, Plaintiff did not submit appeals to BOPTA. Plaintiff claimed she was unaware of the appeal process and did not know of the assessment magnitude until her tax escrow account was modified in early 2008. Such circumstances are not so extraordinary as to prevent an appeal from being made. As a result, the court finds good and sufficient cause is lacking for Plaintiff's failure to timely pursue an appeal for those tax years.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, the value range alleged by Plaintiff is greater than 20 percent for each year. However, more than a mere assertion is required. There is no offer of substantive proof or justification for any reduction. Furthermore, there is no relationship between RMV and the historical MAV. Undocumented conversations with a third party, without cited comparable sales, or a recent sale of the subject property, do not rise to the level of information required. On a review of the pleadings, there is no showing of a gross error. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiff does not meet the exceptions provided by ORS 305.288 for failing to pursue her remedy with BOPTA. The court finds, therefore, that Plaintiff's appeal should be dismissed. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ___ day of September 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1